UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARMIE L. ELMORE, III**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**STRYKER SALES CORPORATION**, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 17-cv-00094 (TSC) |

## MEMORANDUM OPINION

　　Plaintiff Carmie Elmore, III sued his former employer, Defendants Stryker Sales Corporations and Stryker Corporation (collectively, "Stryker") alleging racial discrimination arising from the circumstances of his 2015 termination. After completion of discovery and an unsuccessful mediation, both parties have moved for summary judgment. *See* Joint Status Report, ECF No. 37; Defs.' Mot. for Summ. J. ("Defs.' MSJ"), ECF No. 39; Pl.'s Mot. for Summ. J., ECF No. 43. The court will **DENY** both motions for summary judgment.

　　Summary judgment is only appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the court's role is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). There are two such genuine disputes as to a material fact that require a jury's review.

　　First, Elmore offers six remarks made by his former supervisor, James Witham, as direct evidence of racial discrimination associated with his termination. Stryker denies that Witham made these comments, and challenges Elmore's recollection because Elmore testified at his deposition

that he was "paraphrasing" many of the statements. *See* Defs.' MSJ at 14-16. Because the content of these statements goes directly to Elmore's direct evidence claim, the court finds that there is a genuine issue of material fact regarding these statements and therefore neither party is entitled to judgment as a matter of law.

Second, Elmore offers as indirect evidence of discrimination associated with his termination seven comparators who he alleges were treated better than he was. However, the question of whether different employees are similarly situated is "ordinarily a question of fact for the jury." *Wheeler v. Georgetown Univ. Hosp.*, 812, F.3d 1109, 1115-16 (D.C. Cir. 2016) (quoting *George v. Leavitt*, 407 F.3d 405, 414–15 (D.C. Cir. 2005)).

The court finds that there is a genuine issue of material fact as to whether two of those comparators—M.H. and M.O.—were charged with offenses of comparable seriousness such that they would be appropriate comparators for Elmore. Because that question goes directly to Elmore's indirect evidence claim, the court finds that there is a genuine issue of material fact here such that neither party is entitled to judgment as a matter of law.

The court cannot grant either party's motions for summary judgment because there are genuine disputed issues of material fact in this case. The court will therefore **DENY** Stryker's motion for summary judgment and **DENY** Elmore's motion for summary judgment. The court will also order that the parties submit a joint status report containing their proposal for moving forward with this case no later than **October 5, 2022**.

Date: September 19, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge